91 (Rev. 12/93) Criminal Complaint

## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

MARCUS DRYDEN,
    Defendant.

Criminal Complaint

CASE NUMBER: 08- 18M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about January 31, 2008 in the District of Delaware, Defendant MARCUS DRYDEN did knowingly possess in and affecting interstate and/or foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,

in violation of Title ___18___ United States Code, Section(s) _922(g)(1) and 924(a)(2)._

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based
                                             Official Title

on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

*[signature]*
Diane Iardella
Special Agent, ATF

Sworn to before me and subscribed in my presence,

February 1, 2008                     at  Wilmington, DE
Date                                              City and State

Honorable Mary Pat Thynge
United States Magistrate Judge           *[signature]*
Name & Title of Judicial Officer             Signature of Judicial Officer

# AFFIDAVIT OF SPECIAL AGENT DIANE M. IARDELLA

1. Your affiant is Special Agent Diane M. Iardella. Your affiant has been a law enforcement officer for over 19 years with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). As part of my duties, responsibilities and training, and in the course of my investigative experience, I have become familiar with the statutes, rules and regulations, policies and procedures, relating to the Bureau of Alcohol, Tobacco, Firearms and Explosives, including but not limited to the possession of firearms by persons prohibited, and other laws enforced by the Bureau of Alcohol, Tobacco, Firearms and Explosives. I am a graduate of the Federal Law Enforcement Training Center, Glynco, GA, Criminal Investigation Course and the Bureau of Alcohol, Tobacco and Firearms New Agent Training Course. I have been involved in the investigation of approximately 200 cases involving firearms violations. I have participated in the seizures of approximately 1400 firearms and the seizures of approximately 250,000 rounds of ammunition. I have previously qualified as an expert witness regarding the identification, origin and classification of firearms in the U.S. District Court for the District of Delaware.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on January 31, 2008, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information for the Defendant Marcus Dryden from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction for Maintaining a Vehicle for Keeping Controlled Substances from on or about 3/12/07 in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year..

5. As stated to me by one or more Wilmington Police Officers with personal knowledge of the above facts, I learned the following that officers received information approximately one month ago from someone with criminal culpability that was not charged that Marcus Dryden was in possession of drugs and guns. The officers researched Dryden's criminal history and photograph and knew him to frequent the area of 30th and Jefferson Streets. The officers learned from computer checks on 1/31/08 that Dryden's license was suspended and that he had a capias. Later that same day, officers who were in uniform and driving a marked unit saw Dryden driving in the area of 30th and Jefferson Streets. The officers watched Dryden park his car at 30th and Jefferson Streets. The officers drove past and continued surveillance of Dryden. The officers observed Dryden walk to Washington Street and then to 29th Street to a liquor store. The officers saw Dryden come out of the liquor store and was about to enter his vehicle and observed that Dryden saw the officers and turned and walked the other way. Officers watched Dryden engage in conversation with a male in the 400 block of W. 30th Street. Dryden then walked away and the

male went to Dryden's car and drove to 29th and Washington. Officers watched the male enter a residence and then a minute later exit the residence and meet with Dryden. The male entered the driver's side and Dryden entered the passenger side. Officers followed the vehicle east on 29th Street and south on West Street. Officers stopped the vehicle in the 2800 block of West Street. Officers approached the vehicle and could smell marijuana. The officer asked the driver for his information. The driver said that he did not have any identification and gave him a name which was later discovered to be a false name. The officers checked the driver's status which was negative for the false name. The officers had the driver and Dryden exit and handcuffed both of them. An officer asked Dryden about the location of the marijuana. Dryden told the officer that there was a blunt in the car and that he would show him. The officer leaned into the car and observed under the passenger seat a box of .40 caliber ammunition. The officer then asked Dryden where is the gun and he said it's in there. The officer asked Dryden if he was going to have to tear the car apart to find it. Dryden told him that it was in the back of the seat. The officer located a Glock .40 caliber pistol loaded with six rounds of ammunition behind the map portion of the passenger seat. Dryden told officers that the vehicle was his mom's. Officers later learned from a woman who identified herself as the owner of the vehicle that she gave the vehicle to her daughter. The woman stated that Dryden is her daughter's boyfriend.

6. From training and experience and based upon information provided by a Wilmington Police officer who personally saw the above firearm, your affiant knows that the above-mentioned firearm is a firearm as defined in 18 USC, Chapter 44, Section 921(a)(3) and was manufactured in a state(and/or country) other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate and/or foreign commerce.

7. From information provided to me by one or more Wilmington Police Officers with personal knowledge of the below facts your affiant learned that the driver of the vehicle was advised of his Miranda rights by a Wilmington Police Officer and the driver essentially stated that he understand his rights and voluntarily waived his Miranda rights. Following the waiver of his Miranda rights, the driver voluntarily essentially told the Wilmington Police that he had no knowledge of anything that was found in the car. The driver stated that he saw Dryden on the street and asked him for a ride. Dryden told him to get Dryden's vehicle and meet at his grandmother's residence at 29th and Washington. The driver stated that he was convicted of a felony when he was 20. He also said that he is pending trial in New Jersey for trafficking cocaine.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate and/or foreign commerce a firearm, after having previously been convicted of a felony and respectfully requests that the Court issue a Criminal Complaint charging that offense.

Diane M. Iardella
Special Agent, ATF

Sworn to and subscribed in my presence
this 1 day of February 2008

Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware